HARRIS, Judge.
On July 22, 1975 Gerald R. McGratty, Jr. as trustee, mortgaged certain property to secure a $45,000 indebtedness to A.N. Abramowitz, as trustee. The note evidencing the debt was payable:
One annual payment of interest only to be due and payable twelve months from above date; thereafter, three equal annual payments of principal and interest of $6,415.20, and, thereafter, three equal annual payments of $11,620.35 plus accrued interest.
On November 28, 1977 the note and mortgage were assigned to Ronald Irwin, trustee, and in the same year, the property subject to the mortgage was conveyed to Deland Interstate Partners, Ltd. (Interstate).[1] The purchaser assumed and agreed to pay the indebtedness.
Interstate apparently had difficulty making timely payments and Irwin, exceedingly accommodating, agreed to extend the payment schedule through 1985 by an unrecorded mortgage modification agreement. In September 1987, Interstate conveyed the property to Florida Development Corporation of Orlando (Development) who took subject to, but did not assume, the mortgage.
Even after the modified due date of the note and mortgage, Irwin continued to accept partial payments through 1989. The payment expected on July 22, 1990 was not made and Irwin foreclosed.
Development defended alleging that based on the recorded public records, the statute of limitation for foreclosing the mortgage ran on 1987, five years after the “due date” of the original indebtedness. Development urges that the original note had a due date ascertainable from the record (seven year note) and thus the applicable statute of limitation was five years.[2]
Irwin contends that although it appears on the face of the note that the note was a seven year obligation, because of a mathematical error in computing the amount of the payments for the second through fourth years, there actually remained $371.21 unpaid and unpayable during the final three years of the note. Had Development referred to an amortization sched *1104 ule for the note, Irwin urges, it would have been clear that the final maturity of the obligation was not ascertainable from the record and thus the applicable statute of limitation was 20 years.[3] .
Irwin relies on Pitts v. Pastore, 561 So.2d 297 (Fla. 2nd DCA 1990). We find this case inapplicable. In Pitts the mortgage was executed and recorded after the due date of the note secured by it. It was clear from the record that the parties had agreed to extend the payment and to secure the indebtedness but the length of the extension was not apparent. In our case the note appears regular on its face and requires payment within seven years. An unapparent mathematical error in the amount of some of the payments evinces no intent to extend the due date otherwise indicated by the recorded note and mortgage and does not alter the five year statute of limitation. We reject Irwin’s position.
We agree with Irwin, however, that the court erred in denying foreclosure. Development took subject to (and did not assume) the mortgage and therefore may not assert the invalidity of the mortgage. Key West Wharf & Coal Co. v. Porter, 63 Fla. 448, 58 So. 599 (Fla.1912). Although Development may assert that it does not dispute the original validity of the mortgage but merely contests its present enforceability because of the statute of limitations, we find the distinction unpersuasive in this case. In September 1987 Development took subject to an existing, valid mortgage — the statute of limitations was tolled because payments were continuing to be made. Development made no inquiries concerning any extended due date and could not rely on the due date in the original recorded mortgage because Development took subject to the mortgage more than five years after its original due date. It therefore acknowledged by accepting the deed subject to the mortgage that the mortgage still existed even after the statute of limitations had facially run. Further, since Development never became obligated on the note, it was not a necessary party to any extension. Because the obli-gor on the note could not claim the statute of limitation as a defense, Development, which merely took subject to that mortgage, could not assert it.
REVERSED and REMANDED for further action consistent with this opinion.
COBB and DIAMANTIS, JJ., concur.

. Grogan-Cole, Williams and Chikanies, defendants below, are the remaining partners of Interstate, now a dissolved Florida limited partnership.

. § 95.281(1)(a) Fla.Stat. (1989).

. § 95.281(l)(b), Fla.Stat. (1989).