PER CURIAM.
Appellant Norman Zlinkoff appeals the final judgment of foreclosure entered against him, arguing that under section 95.281, Florida Statutes (1999), the foreclosure action was untimely. We agree and reverse the trial court’s judgment.
In February 1987, Appellee Dennis G. Von Aldenbruck sold a condominium to Michael and Janice DeSantis and financed the transaction with a $70,000 promissory note and purchase money mortgage. The mortgage, which was recorded, reflected a maturity date of February 1992. An extension note with a maturity date of February 1993 was executed but not recorded. The maturity date was later orally extended by Von Aldenbruck and the DeSantises, who continued to make monthly payments through February 1996, bringing the account current through May 1995.
The DeSantises divorced and defaulted on the note and mortgage. They also owed money to the property owners’ association, which initiated foreclosure proceedings on the property. Appellant Norman Zlinkoff became interested in the property and searched the public records. He found the mortgage dated in 1987 with a final balloon date of 1992. He also found a supplemental judgment from the DeSantises divorce. The supplemental judgment, entered in 1995, required Michael DeSantis to transfer his interest in an unidentified condominium to Janice DeSantis, “subject to the outstanding mortgage” that she assumed. Zlinkoff also uncovered a warranty deed recorded on September 12, 1996, evidencing that Michael DeSantis had deeded the condominium in question to Janice DeSantis, without any reference to a mortgage. The deed reflected that $119 in documentary stamps were paid. Zlinkoff did not contact anyone associated with the condominium association, the DeSantises, or Von Aldenbruck prior to the sale to inquire about the status of the mortgage.
In October 1998, at the foreclosure sale, Zlinkoff paid approximately $11,000 for the condominium, which was listed on the tax rolls as $104,000. He obtained a certificate of title, which he recorded.
In November 1998, Von Aldenbruck, as owner and holder of the note and mortgage with the DeSantises, initiated a foreclosure action against Zlinkoff. Von Al-denbruck and Zlinkoff agreed that the full amount under the note and mortgage (over $68,000) plus interest was due. Zlinkoffs position, however, was that the time for suing on the mortgage had expired under section 95.281.
After a bench trial, the trial court concluded that because Zlinkoff knew of the DeSantises’ supplemental divorce judgment, which was recorded, he had implied actual notice of the mortgage and thus had a duty to further inquire into the status of the mortgage and any extension of its maturity date. Based on this conclusion, *842 the trial court determined Von Alden-bruck’s foreclosure action was not barred by section 95.281 and that Von Aldenbruck was entitled to final judgment against Zlin-koff. The final judgment awarded to Von Aldenbruck included the principal balance on the note and mortgage, accrued interest, various costs, and over $18,000 in attorney’s fees. The final judgment also included nearly $10,000 in property taxes from 1995, 1996, and 1997 that Von Alden-bruck had paid on the property.
On appeal, Zlinkoff argues that because the plain language of section 95.281 bars Von Aldenbruek’s foreclosure action as untimely, the trial court erred in finding that Von Aldenbruck was entitled to judgment. Section 95.281 provides, in pertinent part, as follows:
(1) The hen of a mortgage or other instrument encumbering real property, herein called mortgage ... shah terminate after the expiration of the following periods of time:
(a) If the final maturity of an obli- ■ gation secured by a mortgage is ascertainable from the record of it, 5 years after the date of maturity.
[[Image here]]
(2) If an extension agreement executed by the mortgagee or the mortgagee’s successors in interest and the mortgagor or the mortgagor’s successors in interest is recorded, the time shall be extended as follows:
(a) If the final maturity of the obligation, as extended, secured by the mortgage is ascertainable from the record of the extension agreement, 5 years after the date-of the final maturity of the obligation as extended.
(b) If the final maturity of the obligation, as extended, secured by the mortgage is not ascertainable from the record of the extension agreement, 20 years after the date of the extension agreement, unless prior to such time the holder of the mortgage:
1. Re-records the mortgage and includes a copy of the obligation, as extended, secured by the mortgage so that the final maturity is ascertainable; or
2. Records a copy of the obligation, as extended, secured by the mortgage from which copy the final maturity is ascertainable and by affidavit identifies the mortgage by its official recording data and certifies that the obligation is the obligation described in the mortgage; in which case the lien shall terminate 5 years after the date of maturity as extended.
[[Image here]]
(4) The time shall be extended only as provided in this law and shall not be extended by any other agreement, non-residence, disability, part payment, operation of law, or any other method.
§ 95.281, Fla. Stat. (1999).
Here, the recorded mortgage reflected a final maturity date of February 1992. At that time, under section 95.281(1), the ability to foreclose on the mortgage terminated in February 1997, five years after the recorded date. A written agreement executed by Von Alden-bruck and the DeSantises and recorded would have extended that time by five to twenty years, depending upon whether the final maturity date, as extended, was ascertainable from the record. See § 95.281(2). While Von Aldenbruck and the DeSantises executed one written agreement extending the maturity date of the mortgage, and while other extension agreements were orally made, an extension agreement was not recorded. Section 95.281(4) specifically states that anything other than a recorded agreement executed between the mortgagor and mortgagee (or their successors-in-interest) will not extend the time for pursuing a foreclosure action. See also § 95.281(2). Because the final maturity date of the mortgage was not made according to the provisions of section 95.281(2), the time to foreclose the mortgage terminated in February 1997. See § 95.281(1), (4). Thus, when Zlinkoff pur *843 chased the property in a clerk’s foreclosure sale in October 1998, he did not take subject to the mortgage because under the terms of section 95.281, the time for Von Aldenbruck to foreclose on the mortgage had expired. By waiting until November 1998 and not validly extending the time to file a foreclosure action, Von Aldenbruck untimely initiated foreclosure proceedings.
Von Aldenbruck argues that the recorded supplemental judgment of divorce created a duty for Zlinkoff to investigate further into the status of the mortgage. He also argues that the Legislature intended to allow parties to privately extend the time for foreclosing on a mortgage without complying with the precise terms of section 95.281(4). We reject these arguments. “If the language of a statute is clear and unambiguous, the legislative intent must be derived from the words used without involving rules of construction or speculating as to what the legislature intended.” Zuckerman v. Alter, 615 So.2d 661, 663 (Fla.1993); see Zuckerman v. Hofrichter & Quiat, P.A., 646 So.2d 187, 188 (Fla.1994). Nothing in the language of section 95.281 suggests or creates a duty to investigate, and the statute does not provide for an extension of time simply because a party might be on notice. Rather, the language of section 95.281clearly cuts off the time to pursue a foreclosure action unless that time is properly extended in the manner prescribed, that is, by a recorded extension agreement executed by the mortgagee (or the mortgagee’s successors in interest) and the mortgagor (or the mortgagor’s successors in interest). The language of section 95.281is clear.
We also distinguish Irwin v. Grogan-Cole, 590 So.2d 1102 (Fla. 5th DCA 1991), upon which the trial court relied. In Irwin, the mortgagor’s successor-in-interest specifically took subject to the mortgage. Id. at 1103. The Fifth District held that because the mortgagor’s successor-in-interest took title to the property subject to the mortgage, thus recognizing the mortgage as valid and existing after the time for enforcing the mortgage had already expired under section 95.281(1), the mortgagor’s successor-in-interest could not later claim that the mortgage was invalid and unenforceable under section 95.281. Id. at 1104. Here, Zlinkoff did not take the property subject to the mortgage between Von Aldenbruck and the DeSantis-es. At no time did he recognize the validity or existence of the mortgage. His certificate of title fails to mention the mortgage at all. In fact, he maintained that he bought the property believing the time for foreclosing on the mortgage had expired under section 95.281(4) because a valid extension under subsection (2) had not been filed. Thus, despite Von Alden-bruck’s urging, Irwin does not persuade us to allow him to pursue his foreclosure action without complying with the clear extension provisions of section 95.281.
As Zlinkoff pointed out during oral argument, Von Aldenbruck could have prevented his potential action from terminating. If Von Aldenbruck and the DeSantises had agreed to extend the mortgage, they should have done so in writing, properly executed it, and recorded it. Doing so would have extended the time period for Von Aldenbruck to recover on the mortgage. Section 95.281does not prevent a mortgagee from extending the time period; it merely dictates the procedure. Von Al-denbruck failed to comply with this procedure, and thus, by pursuing his action after February 1997, his action is cut off.
Accordingly, we reverse that portion of the final judgment allowing Von Alden-bruck to recover on the mortgage. With regard to the property taxes awarded, the record is insufficient for us to determine whether they were awarded in error. Thus, we remand to the trial court to reconsider the award of property taxes. See § 95.281(l)(c). The trial court is also free to reconsider its award of attorney’s *844 fees and costs in light of our reversal of the mortgage award.
REVERSED AND REMANDED. •
DELL, GUNTHER and STEVENSON, JJ., concur.