881 So.2d 699 (2004)
Arnold CASTRO, Sr., Personal Representative of the Estate of Mildred L. Castro, Appellant,
v.
EAST PASS ENTERPRISES, INC., Appellee.
No. 1D03-3562.
District Court of Appeal of Florida, First District.
September 8, 2004.
*700 Robert R. McDaniel, Pensacola, for Appellant.
H. Bart Fleet, Shalimar, for Appellee.
PER CURIAM.
Appellant seeks review of an order deeming Appellee's claim against an estate timely. We agree with Appellant that the trial court erred in granting an extension to file the claim, and reverse.
Claims against estates must be filed within a certain time frame unless an extension is granted; extensions may be granted "only upon grounds of fraud, estoppel, or insufficient notice of the claims period." § 733.702(1) & (3), Fla. Stat. (2000). Appellee's claim would have been untimely but for an extension of time. The trial court granted the extension on the grounds of waiver and estoppel. Waiver is not a permissible ground for extension of time under section 733.702(3). Although estoppel is a permissible ground, estoppel was not demonstrated in the instant case.
The finding of equitable estoppel stemmed from the fact that the parties were already involved in civil litigation over the subject of the claim against the estate. Appellee had brought an independent civil action against the decedent (coincidentally filed on the date of her death), the style of which was subsequently amended to reflect Appellant as defendant. Appellant participated in the independent action by filing an answer and counterclaims, but neglected to raise Appellee's failure to file a claim as an affirmative defense. Appellee argued that Appellant's participation had misled it into believing the independent action was all that was necessary to secure its claims against the estate. However, Appellee failed to demonstrate two elements of estoppel.
The basic elements of estoppel include a false representation or concealment of material facts. Rinker Materials Corp. v. Palmer First Nat'l Bank, 361 So.2d 156, 157 (Fla.1978) (citation omitted). In the probate context, estoppel also requires a showing of affirmative deception. American & Foreign Ins. Co. v. Dimson, 645 So.2d 45, 48 (Fla. 4th DCA 1994) (citing Rinker, 361 So.2d at 159). These and other elements of estoppel must be proven by clear and convincing evidence. See, e.g., Watson Clinic, LLP v. Verzosa, 816 So.2d 832, 834 (Fla. 2d DCA 2002). They were not so proven here.
The "material fact" allegedly concealed was the legal requirement to file a *701 statement of claim in the probate division. This requirement is found in the probate code and case law and, as such, was not entirely in Appellant's control. Because both parties had the same means of ascertaining the truth as to whether a claim must be filed in probate court, there can be no estoppel. See Lennar Homes, Inc. v. Gabb Constr. Servs., 654 So.2d 649, 652 (Fla. 3d DCA 1995). This is true even though the alleged estoppel was based on omission. See Pelican Is. Prop. Owners Ass'n., Inc. v. Murphy, 554 So.2d 1179, 1181 (Fla. 2d DCA 1989). No party can claim ignorance of the law. See, e.g., Reason v. Motorola, Inc., 432 So.2d 644, 645 (Fla. 1st DCA 1983).
Neither is there any record evidence of affirmative deception on Appellant's part. There is no evidence of intent to mislead Appellee into believing it did not need to file a statement of claim in probate court. Appellant's participation in the independent action misrepresented nothing about the viability or propriety of that independent action. A judgment in that action would not guarantee recovery because there can be no execution against an estate unless approved by the probate court in the estate administration proceeding. See § 733.706, Fla. Stat. (2000); May v. Illinois Nat'l Ins. Co., 771 So.2d 1143, 1154 (Fla.2000). Even so, the lack of enforceability does not render such a judgment legally improper.
For the above reasons, we REVERSE the trial court's order granting the extension of time and REMAND to the probate court for further proceedings consistent with this opinion.
WOLF, C.J.; BROWNING and HAWKES, JJ., CONCUR.