905 So.2d 189 (2005)
AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, Appellant/Cross-appellee,
v.
2275 WEST CORPORATION, Appellee/Cross-appellant.
No. 3D04-595.
District Court of Appeal of Florida, Third District.
April 6, 2005.
Rehearing and Rehearing Denied July 13, 2005.
*190 Akerman Senterfitt and A. Rodger Traynor, Jr., Miami, for appellant/cross-appellee.
Keith D. Diamond; Jay M. Levy, Miami, for appellee/cross-appellant.
Before GREEN, and WELLS, JJ., and SCHWARTZ, Senior Judge, JJ.
Rehearing and Rehearing En Banc Denied July 13, 2005.
WELLS, Judge.
American Bankers Life Assurance Co., appeals from a final summary judgment of foreclosure arguing that the trial court erred in failing to provide for the payment of attorney's fees. The property owner, 2275 West Corp., cross appeals arguing that the foreclosure action was time barred. We agree with the property owner that this action is time barred and reverse the judgment in American Bankers' favor and remand with instructions to enter judgment in the property owner's favor.
On August 31, 1973, Peter and Julia Mineo executed a mortgage with American Bankers as mortgagee, securing a promissory note in the amount of $300,000. The promissory note, which was attached to and incorporated into the mortgage, stated a maturity date of September 15, 1993. American Bankers and the Mineos subsequently entered into two mortgage modification agreements, both of which left the maturity date of the mortgage and note unchanged and both of which were recorded in the public records.
In September 1987, the property encumbered by the mortgage was sold to 2275 West subject to the American Bankers' mortgage. 2275 West did not assume the mortgage. In December 1993, approximately three months after the promissory note matured, 2275 West asked American Bankers to permit it to continue making interest payments while it attempted to refinance. American Bankers agreed. However, no mortgage modification agreement was executed and no instruments were then recorded evidencing this concession.[1] When 2275 West thereafter ceased *191 making payments in December 2000, American Bankers brought suit alleging a single cause of action to foreclose the mortgage. 2275 West defended on the ground that foreclosure was barred by the statute of limitations. Six months after the action was filed, American Bankers moved for summary judgment on its foreclosure claim. 2275 West also moved for summary judgment claiming that foreclosure was barred by section 95.281 of the Florida Statutes. On February 13, 2003, American Bankers' motion for summary judgment was granted.
The following day, American Bankers moved for leave to reply to 2275 West's affirmative defenses regarding the bar of section 95.281 which had been asserted six an one half months earlier. In that reply, American Bankers sought to avoid 2275 West's claim that section 95.281 barred foreclosure of the American Bankers mortgage first because 2275 West was equitably estopped from raising this statutory defense by virtue of its "conduct in its dealings with [American Bankers]"; second, by virtue of correspondence between between the parties in 1993 which, according to American Bankers, constituted a modification agreement that would preclude the bar of section 95.281; and third, because American Bankers' interest in the property secured by the mortgage "should be protected by an equitable lien." On March 9, 2004, after hearing additional argument regarding American Bankers' avoidances, a final judgment of foreclosure was entered in American Bankers' favor.
We reverse the judgment because by the time this action was commenced in March 2002, there was no valid lien to enforce. Section 95.281(1)(a), of the Florida Statutes provides that the lien created by a mortgage terminates five years after the maturity date of the obligation it secures where the date of maturity may be ascertained from the record:
(1) The lien of a mortgage or other instrument encumbering real property, herein called mortgage ... shall terminate after the expiration of the following periods of time:
(a) If the final maturity of an obligation secured by a mortgage is ascertainable from the record of it, 5 years after the date of maturity.
§ 95.281(1)(a), Fla. Stat. (2003).
As recently confirmed in Houck Corp. v. New River, Ltd., Pasco, 900 So.2d 601, 603 (Fla. 2d DCA 2005), this statute of repose "prescribes the enforceable life of a mortgage lien":
A `statute of limitations' is a procedural statute that prevents the enforcement of a cause of action that has accrued. See WRH Mortgage, Inc. v. Butler, 684 So.2d 325, 327 (Fla. 5th DCA 1996). It does not determine the underlying merits of the claim but merely cuts off the right to file suit on that claim. Allie v. Ionata, 503 So.2d 1237, 1240-41 (Fla. 1987). A "statute of repose," in contrast, "is a substantive statute which not only bars enforcement of an accrued cause of action but may also prevent the accrual of a cause of action where the final element necessary for its creation occurs beyond the time period established by the statute." WRH Mortgage, 684 So.2d at 327. It provides a substantive right to be free from liability after the established time period. Parham v. Balis, 704 So.2d 623, 626 (Fla. 2d DCA 1997), approved, Musculoskeletal Inst., Chartered v. Parham, 745 So.2d 946 *192 (Fla.1999). Thus, the statute of repose does not work to provide a time limitation for filing a suit after the accrual of the cause of action, but prevents the cause of action from arising after its time limitation. Nehme v. Smithkline Beecham Clinical Labs., Inc., 863 So.2d 201, 208 (Fla.2003). The purpose of a statute of repose is to set a definitive time limitation on a valid cause of action even if there are circumstances that would make it difficult to discover. Id.

The limitations period provided in section 95.11(2)(c) does not affect the life of the lien or extinguish the debt; it merely precludes an action to collect the debt after five years. Section 95.281(1)(b), conversely, establishes an ultimate date when the lien of the mortgage terminates and is no longer enforceable.
The maturity date of the note secured by American Bankers' mortgage, which may be ascertained from the record, is September 15, 1993. Under section 95.281(1)(a), American Bankers had until September 15, 1998 to enforce its lien. After that date, no cause of action for foreclosure of American Bankers' mortgage lien could accrue.
We also reject American Bankers claim that its lien is still valid because correspondence between the parties in 1993 extended the maturity of the mortgage. The letters on which American Bankers relies are indefinite in all particulars, they neither request nor grant a modification of the mortgage and in no manner contain the elements that would establish a contract for extension. See Dreyfuss v. Dreyfuss, 701 So.2d 437, 439 (Fla. 3d DCA 1997)(citing Shay v. First Federal of Miami, Inc., 429 So.2d 64 (Fla. 3d DCA 1983), and observing "[i]n order to be binding, a contract must also be definite and certain as to the parties' obligations to one another").
The correspondence also does not comply with the recordation requirements mandated by section 95.281(2), of the Florida Statutes, which extends the life of a mortgage lien "[i]f an extension agreement executed by the mortgagee or the mortgagee's successors in interest and the mortgagor or the mortgagor's successors in interest is recorded." As section 695.03 of the Florida Statutes observes: "[t]o entitle any instrument concerning real property to be recorded, the execution must be acknowledged by the party executing it, proved by a subscribing witness to it, or legalized or authenticated by a civil-law notary or notary public who affixes her or his official seal. . . ." See Schroeder v. Manceri, 893 So.2d 603 (Fla. 4th DCA 2005)(citing Zlinkoff v. Von Aldenbruck, 765 So.2d 840, 842-43 (Fla. 4th DCA 2000), and observing "[a]s the extensions were not recorded, there was no valid extension for the purposes of pursuing a foreclosure action"). There was no extension by virtue of this correspondence.[2]
*193 Because no valid lien exists to foreclose, we reverse the final judgment of foreclosure and remand with instructions that judgment be entered in favor of 2275 West.[3]
NOTES
[1] It was not until after motions for summary judgment were argued that American Bankers recorded an affidavit in which it represented that two letters attached to the affidavit constituted a mortgage modification agreement.
[2] American Bankers argues in the alternative that remand is necessary for the trial court to rule on its equitable estoppel and equitable lien avoidances. We disagree. American Bankers' own account of the parties' interactions demonstrates no claim of estoppel could be made. See Castro v. East Pass Enters., Inc., 881 So.2d 699 (Fla. 1st DCA 2004)("[t]he basic elements of estoppel include a false representation or concealment of material facts"). As to its claim that it is entitled to an equitable lien, the claim was untimely, having been made after the summary judgment hearing, and failed to allege the basis on which such relief would be appropriate in this case. See Cardona v. Benton Exp., Inc., 804 So.2d 505, 507 (Fla. 3d DCA 2001)(citing Bondu v. Gurvich, 473 So.2d 1307, 1311 n. 2 (Fla. 3d DCA 1985), and confirming that it is an abuse of discretion to allow an amendment following summary judgment hearing if doing so injects a new cause of action).
[3] This determination, of course, disposes of the need to address American Bankers' point on direct appeal regarding attorney's fees.