# Third District Court of Appeal

**State of Florida**

Opinion filed July 29, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2510
Lower Tribunal No. 14-11422
_____


**James F. Perry & Company,**
Appellant,

vs.

**CRSJ, Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Sapurstein & Bloch, P.A., and Bertram A. Sapurstein, for appellant.

Jay M. Levy, P.A., and Jay M. Levy; Law Offices of Keith D. Diamond, P.A., and Keith D. Diamond (Hollywood), for appellee.


Before WELLS, ROTHENBERG, and SCALES, JJ.

ROTHENBERG, J.

James F. Perry & Company ("the Lender") appeals from an order entering partial summary final judgment in favor of CRSJ, Inc., in which the trial court determined that a mortgage executed by CRSJ on property owned by CRSJ "shall have no force and effect." We affirm.

We find it unnecessary to set forth the facts leading to the trial court's order and write solely to indicate the lack of merit in the Lender's position. We find the trial court correctly determined that the subject mortgage "shall have no force and effect" because the lien of the subject mortgage terminated five years after its stated maturity date of October 1, 2008. See § 95.281(1)(a), Fla. Stat. (2013). Prior to the termination of the lien, the Lender took no action to foreclose the mortgage, and at no time did the parties execute and record an agreement extending the maturity date of the mortgage. See § 95.281(2), Fla. Stat. (2013) (providing that "[i]f an extension agreement **executed** by the mortgagee . . . and the mortgagor . . . is **recorded**, the time shall be extended . . . .") (emphasis added); Am. Bankers Life Assurance Co. of Fla. v. 2275 W. Corp., 905 So. 2d 189, 192 (Fla. 3d DCA 2005) (rejecting mortgagee's "claim that its lien is still valid because correspondence between the parties . . . extended the maturity date of the mortgage" where the correspondence was not only "indefinite in all particulars," but "also does not comply with the recordation requirements mandated by section 95.281(2), of the Florida Statutes, which extends the life of the mortgage lien '[i]f

an extension agreement executed by the mortgage . . . and the mortgagor . . . is recorded'" (brackets in original) (quoting § 95.281(2))); Zlinkoff v. Von Aldenbruck, 765 So. 2d 840, 842 (Fla. 4th DCA 2000) (holding that section 95.281 requires that an extension of the maturity date set forth in the mortgage must be recorded in order to extend the time to file a foreclosure action, and that the parties did not enter into a valid extension although there was evidence that there was an oral agreement and an unrecorded written agreement to extend the final maturity date).  Accordingly, we affirm the order on appeal.

Affirmed.