RIVERWOOD NURSING CENTER, LLC., D/B/A GLENWOOD NURSING CENTER,

      Appellant,

v.

JOHN F. GILROY, INDIVIDUALLY, AND JOHN F. GILROY, III, P.A., A FLORIDA PROFESSIONAL ASSOCIATION,

      Appellees.

_____/

IN THE DISTRICT COURT OF APPEAL FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2556

Opinion filed June 6, 2017.

An appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

H. Richard Bisbee, H. Richard Bisbee P.A., Tallahassee, for Appellant.

Mary K. Simpson and Catherine B. Chapman, Guilday Law, Tallahassee, for Appellees.

LEWIS, J.

      Riverwood Nursing Center, LLC, d/b/a Glenwood Nursing Center,

("Riverwood") challenges a final summary judgment entered in favor of John F.

Gilroy, individually, and John F. Gilroy, III, P.A. (individually and collectively, "Gilroy") on its amended complaint. Riverwood argues that the trial court erred by entering summary judgment upon finding that there was no genuine issue of material fact as to whether the doctrine of equitable estoppel barred Gilroy's statute of limitations defense. We disagree and affirm.

## Background

In October 2013, Riverwood filed a complaint against Gilroy for legal malpractice. Riverwood subsequently filed an amended complaint, raising, among other things, claims for legal malpractice and breach of fiduciary duty. Riverwood alleged that it operated a 119-bed skilled nursing center, it leased the nursing center and the requisite certificate of need from its owner, and it employed Gilroy as its counsel. Gilroy failed to timely request a hearing on an administrative complaint the Florida Agency for Health Care Administration ("AHCA") issued against Riverwood. As a result, AHCA entered a final order by default against Riverwood, whereby it revoked its nursing facility license. Riverwood alleged that as a direct consequence of that order, it suffered substantial damages due to its forced and unanticipated termination of the nursing center. Gilroy filed a motion for summary judgment, contending in part that the two-year statute of limitations of section 95.11(4)(a), Florida Statutes, barred the claims as of April 14, 2013, two years after this Court denied Riverwood's motion for rehearing of its affirmance of AHCA's

2

final order,[1] and that the doctrine of equitable estoppel did not bar the limitations defense.

During pre-suit discussions, Susan Sells, a claims specialist with Florida Lawyers Mutual Insurance Company ("FLMIC"), which was Gilroy's insurance carrier, informed Richard Feldman, Riverwood's attorney, that Gilroy's liability coverage limit was $1 million. Feldman notified Sells of Riverwood's intent to submit a claim based on Gilroy's negligence pertaining to the administrative action. Robert Hagan, Riverwood's president, and Sells corresponded about Riverwood's claimed damages so she could evaluate its claim. In a January 2013 letter, Sells offered to settle Riverwood's claim for $100,000. Hagan testified that he told Sells that Riverwood was unwilling to accept the $100,000 offer and, around February or March 2013, Sells and Gilroy told him that FLMIC would not settle for more than $100,000. Hagan repeatedly attested that he never wanted to sue Gilroy, he always thought the statute of limitations stops running once a claim is filed, and Gilroy did not inform him about the two-year statute of limitations and that Riverwood had to file a lawsuit on or before April 14, 2013.

Following a hearing, the trial court entered a final summary judgment against Riverwood upon finding in part that it was undisputed that Riverwood did not file

---

[1] See Riverwood Nursing Ctr., LLC v. Agency For Health Care Admin., 58 So. 3d 907 (Fla. 1st DCA 2011).

suit until after the statute of limitations had expired on April 14, 2013. The trial court further found that the undisputed facts did not support the elements of equitable estoppel because the pre-suit settlement negotiations did not toll the statute of limitations and Hagan's deposition testimony and affidavit "do not present any factual evidence that [Gilroy or FLMIC] acted fraudulently or made any misrepresentation of a material fact." The trial court found it significant that Riverwood was represented by counsel throughout the settlement negotiations and that "it is undisputed that time remained on the statute of limitations when [Gilroy and/or FLMIC] informed [Riverwood] that it would not pay more than $100,000.00 to settle [Riverwood's] claim." This appeal followed.

## Analysis

A trial court's order granting final summary judgment is reviewed *de novo* to determine whether there are genuine issues of material fact and whether the court properly applied the correct rule of law. Glaze v. Worley, 157 So. 3d 552, 553-54 (Fla. 1st DCA 2015). An appellate court must view the facts in the light most favorable to the nonmoving party. Walker v. Winn-Dixie Stores, Inc., 160 So. 3d 909, 912 (Fla. 1st DCA 2014); see also Feizi v. Dep't of Mgmt. Servs., 988 So. 2d 1192, 1193 (Fla. 1st DCA 2008) (explaining that the party moving for summary judgment must conclusively show the absence of any genuine issue of material fact and the trial court must draw every possible inference in favor of the nonmoving

4

party); Parker v. Dinsmore Co., 443 So. 2d 356, 358 (Fla. 1st DCA 1983) ("Summary judgment is particularly unsuitable in those cases where 'the facts and circumstances indicate a *possibility* of an estoppel or a waiver.'" (Citation omitted)).

The doctrine of equitable estoppel acts as a bar to a statute of limitations defense. Major League Baseball v. Morsani, 790 So. 2d 1071, 1076 (Fla. 2001). "Equitable estoppel is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position." Id. (explaining that the doctrine "'is applicable in all cases where one, by word, act or conduct, willfully caused another to believe in the existence of a certain state of things, and thereby induces him to act on this belief injuriously to himself, or to alter his own previous condition to his injury'" (internal citation omitted)). The party relying on the doctrine of equitable estoppel must show that (1) the opposing party represented a material fact contrary to its later position, (2) the party asserting the doctrine relied on the opposing party's earlier representation, and (3) the party asserting the doctrine changed its position to its detriment due to the opposing party's representation and its reliance thereon. Black Bus. Inv. Fund of Cent. Fla., Inc. v. State, Dep't of Econ. Opportunity, 178 So. 3d 931, 934 (Fla. 1st DCA 2015); see also W.D. v. Archdiocese of Miami, Inc., 197 So. 3d 584, 590 (Fla. 4th DCA 2016) (explaining that "[t]o assert equitable estoppel, the defendant must have engaged in *wrongful conduct* which 'induced another into forebearing suit within

5

the applicable limitations period,'" and concluding that the allegations were insufficient to support an equitable estoppel claim because "[t]he plaintiff would have had to have been aware of his right to sue, and then fail to file because of the Archdiocese and school's actions. This is contrary to his asserted position that he had no memory of the alleged abuse" (citation omitted)).

"The basic elements of estoppel include a false representation or concealment of material facts." Castro v. E. Pass Enters., Inc., 881 So. 2d 699, 700 (Fla. 1st DCA 2004) (citing Rinker Materials Corp. v. Palmer First Nat'l Bank & Tr. Co. of Sarasota, 361 So. 2d 156, 159 (Fla. 1978), where the supreme court held that equitable estoppel requires "proof of fraud, misrepresentation, or other affirmative deception"). In Castro, we concluded that estoppel was inapplicable because the allegedly concealed material fact was the requirement to file a claim in the probate division, "[b]ecause both parties had the same means of ascertaining the truth as to whether a claim must be filed in probate court, there can be no estoppel. . . . No party can claim ignorance of the law," and there was no evidence of affirmative deception or an intent to mislead the party into believing that it did not need to file a claim in probate court. Id. at 700-01.

In this appeal, Riverwood does not contest the trial court's ruling that it was undisputed that Riverwood did not file suit until after the statute of limitations had expired on April 14, 2013, but argues that the court erred by rejecting the doctrine

6

of equitable estoppel as a bar to Gilroy's statute of limitations defense. We disagree. Hagan testified that he never intended to sue Gilroy. Hagan also stated that he always believed the statute of limitations stops running when a claim is filed, and Gilroy did not advise him about the applicable limitations period. However, Hagan's belief about the running of the statute of limitations was not based on any alleged misrepresentation by Gilroy or FLMIC, who had no duty to advise him about the matter, and Riverwood was represented by counsel throughout the pre-suit negotiations. See Fletcher v. Dozier, 314 So. 2d 241, 242 (Fla. 1st DCA 1975) (noting that a potential defendant has no duty to remind a claimant that the statute of limitations is running). More importantly, Hagan attested that in February or March 2013—before the expiration of the statute of limitations—Sells and Gilroy told him that FLMIC was not going to settle for more than $100,000, and he had made clear that Riverwood would not settle for less than $1 million. Thus, it is undisputed that time remained on the statute of limitations when Gilroy and FLMIC informed Riverwood that FLMIC would not pay more than $100,000 to settle its claim. Accordingly, the trial court did not err by entering final summary judgment against Riverwood because no genuine issue of material fact existed as to whether Gilroy should be equitably estopped from relying on the statute of limitations defense given that there was no evidence of fraud, misrepresentation, or other affirmative deception by Gilroy or FLMIC.

## Conclusion

For the foregoing reasons, we affirm the trial court's final summary judgment.

AFFIRMED.

ROBERTS, C.J. and WINSOR, J., CONCUR.