# Third District Court of Appeal
## State of Florida

Opinion filed August 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0664
Lower Tribunal No. 19-9341
_____

**Olaya Milian, et al.,**
Appellants,

vs.

**Adrian Garcia, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Dehghani Law P.A., and Aresh Alex Dehghani, for appellants.

Thomas G. Sherman P.A., and Jonathan S. Trabitz, for appellees.

Before MILLER, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Am. Bankers Life Assur. Co. of Fla. v. 2275 West Corp., 905 So. 2d 189, 190 n.1 (Fla. 3d DCA 2005) ("[i]t was not until after motions for summary judgment were argued that American Bankers recorded an affidavit in which it represented that two letters attached to the affidavit constituted a mortgage modification agreement"); id. at 192 ("The limitations period provided in section 95.11(2)(c) does not affect the life of the lien or extinguish the debt; it merely precludes an action to collect the debt after five years. Section 95.281(1)(b), conversely, establishes an ultimate date when the lien of the mortgage terminates and is no longer enforceable.") (internal citations and quotations omitted); Zlinkoff v. Von Aldenbruck, 765 So. 2d 840, 843 (Fla. 4th DCA 2000) ("section 95.281 clearly cuts off the time to pursue a foreclosure action unless that time is properly extended in the manner prescribed, that is, by a recorded extension agreement"); see also Kay's Custom Drapes, Inc. v. Garrote, 920 So. 2d 1168, 1171 (Fla. 3d DCA 2006) (noting that trial court may deny amendment where such amendment would be futile as a matter of law).