# Third District Court of Appeal

## State of Florida

Opinion filed August 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1096
Lower Tribunal No. 21-45242 SP
_____

**Indoor Environmental Restoration Now, Inc., etc.,**
Appellant,

vs.

**Citizens Property Insurance Corporation**,
Appellee.

An Appeal from the County Court for Miami-Dade County, Ayana Harris, Judge.

Tyler Law Firm, and Ryan C. Tyler, for appellant.

Vernis & Bowling of Broward, P.A., Carlton Bober, Evan A. Zuckerman, and Ashley M. Arias (Hollywood), for appellee.

Before FERNANDEZ, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>Gale Force Roofing and Restor., LLC v. Am. Integrity Ins. Co. of Fla.</u>, 380 So. 3d 1242, 1245-46 (Fla. 2d DCA 2024) (affirming dismissal of complaint filed by insured's assignee because the assignment of benefits attached to the complaint failed to satisfy the requirements of section 627.7125, Florida Statutes (2021), finding the subject agreement invalid and unenforceable pursuant to section 627.7152(2)(d), noting it was "undisputed that the document attached to the complaint contains the uppercase and boldfaced statement required by subsection 627.7152(2)(a)6. But that statement, by itself, does not include all of the terms expressly required under the parallel subsection 627.7152(2)(a)2. . . . [N]owhere in the document attached to the complaint is 'a provision' that complies with all of the express requirements of subsection (2)(a)2."); <u>Kidwell Grp., LLC v. United Prop. & Cas. Ins. Co.</u>, 343 So. 3d 97, 98 (Fla. 4th DCA 2022) (affirming dismissal of complaint filed by insured's assignee because the assignment of benefits failed to comply with sections 627.7152(2)(a)1 and 627.7152(2)(a)4); <u>Casto v. E. Pass Enters., Inc.</u>, 881 So. 2d 699, 700-01 (Fla. 1st DCA 2004) (internal citations omitted) (reversing order granting appellee an extension of time to file a claim against the decedent's estate, where appellee argued that appellant's participation in previously filed independent civil action had misled appellee into believing the independent

2

action was all that was necessary to secure its claim against the estate and holding that "material fact" appellee claims appellant allegedly concealed was the legal requirement to file a statement of claim in the probate division, stating, "This requirement is found in the probate code and case law and, as such, was not entirely in Appellant's control. Because both parties had the same means of ascertaining the truth as to whether a claim must be filed in probate court, there can be no estoppel. This is true even though the alleged estoppel was based on omission. No party can claim ignorance of the law."); Harris v. Gonzalez, 789 So. 2d 405, 409 (Fla. 4th DCA 2001) ("A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our courts."); Daniels v. Fla. Dep't of Health, 898 So. 2d 61, 64 (Fla. 2005) (stating that if a statute is clear and unambiguous, the court must honor its plain language and avoid resorting to rules of statutory construction).