# Third District Court of Appeal
## State of Florida

Opinion filed December 11, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-968
Lower Tribunal No. 18-23210
_____


**Roxana Quintana,**
Appellant,

vs.

**Rodriguez Family Investment Partnership, LLLP, etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Law Office of Emmanuel Perez & Associates, P.A., and Emmanuel Perez, for appellant.

Krinzman Huss Lubetsky Feldman & Hotte and Michael I. Feldman and Lynette Ebeoglu McGuinness, for appellee.


Before FERNANDEZ, LINDSEY and LOBREE, JJ.

LOBREE, J.

Roxana Quintana ("Quintana") appeals a final judgment of foreclosure

on an order granting the Rodriguez Family Investment Partnership, LLLP ("RFIP"), f/k/a Rodriguez Family Investment Co. Ltd., cross-motion for summary judgment. Quintana argues that the doctrine of equitable estoppel cannot apply under the factual circumstances here to toll section 95.281(1), Florida Statutes (2018). For the following reasons, we agree and reverse.

## BACKGROUND

On April 10, 2009, Quintana and her husband, now deceased, and RFIP entered into a mortgage contract (the "mortgage") to secure a payment of $300,000 identified in a promissory note ("note I") for the purchase of property. The mortgage specified a maturity date of April 10, 2012, and was recorded. On September 3, 2009, the parties entered into a mortgage modification (the "modified mortgage") to secure the payment of an additional $100,000, identified in a second promissory note ("note II"). In the modified mortgage, both parties agreed that the amounts in note I and note II were consolidated into a total of $400,000. The modified mortgage was recorded without a maturity date on its face and was not deemed a novation of the mortgage. Further the modified mortgage stated that note II was secured as a future advance under the mortgage and note II was of an "equal dignity with note I as though it had been executed at the same time as note I." Neither of the notes was recorded.

2

In 2011, it was erroneously recorded that the relevant property's mortgage was satisfied. Despite this erroneous recordation of satisfaction, Quintana continued making payments to RFIP on the subject property's mortgage until August 24, 2016. In September 2016, Quintana contacted RFIP to modify the terms of the loan documents. The following month, RFIP counter-offered but Quintana never replied. In 2017, an affidavit of scrivener's error was recorded in Miami-Dade County, acknowledging that the subject property's mortgage was not satisfied.

In 2018, RFIP filed suit against Quintana to establish and foreclose an equitable lien or, in the alternative, to impose an equitable vendor's lien on the subject property. RFIP later amended its complaint to add a claim for mortgage foreclosure. Quintana answered and raised several affirmative defenses, including that pursuant to section 95.281, RFIP's time to file its complaint had expired.

Quintana later moved for summary judgment contending that: (1) the language of the modified mortgage did not preclude her from raising a statute of limitations or statute of repose defense; (2) Quintana's post-maturity payments did not extend or toll the statute of limitations or statue of repose; and (3) RFIP was not entitled to a mortgage foreclosure, an equitable lien, or an equitable vendor's lien because RFIP failed to seek a remedy within

3

the five-year time period allowed by sections 95.11 and 95.281, Florida Statutes (2018).

RFIP cross-moved for summary judgment, arguing: (1) the general waiver in the modified mortgage precluded Quintana from raising the affirmative defenses of the statute of limitations and statute of repose; (2) that under section 95.281(1)(a), Quintana's post-maturity payments tolled the statute of limitations; and (3) RFIP was entitled to an equitable lien under the theory of unjust enrichment because a judgment in favor of Quintana would result in a windfall.

The trial court held several hearings on the parties' motions, and in June 2022, requested additional analysis from the parties regarding the effect the post-maturity payments had on the mortgage foreclosure. RFIP filed a memorandum of law in support of its cross-motion stating that the doctrine of equitable estoppel applied to toll both the statute of limitation and the statute of repose. RFIP also argued for the first time that the maturity date was not clear on the face of the modified mortgage, and therefore pursuant to section 95.281(1)(b), the relevant limitation period was twenty years after the date of the mortgage. Quintana responded: (1) reasserting her position that equitable estoppel could not toll section 95.281 because it is a statute of repose; and (2) arguing pursuant to section 95.281(1) the

4

relevant limitation period was five years after the date of maturity because the maturity date was ascertainable from the mortgage, and the modified mortgage stated it was not a novation of the mortgage. The trial court held additional hearings on the motions.

On November 7, 2022, the trial court granted RFIP's cross-motion for summary judgment as a matter of law finding that pursuant to the doctrine of equitable estoppel, Quintana's post-maturity payments tolled the limitation period of section 95.281(1). This appeal followed.

**STANDARD OF REVIEW**

"On appeal from an order granting final summary judgment, the standard of review is de novo." Safe Harbor Equity Distressed Debt Fund 3, L.P. v. 9775 Dixie LLC, 388 So. 3d 1093, 1096 n.4 (Fla. 3d DCA 2024) (quoting Chakra 5, Inc. v. City of Miami Beach, 354 So. 3d 1126, 1129 (Fla. 3d DCA 2023)). The standard of review for a pure question of law is also de novo. Travelers Com. Ins. Co. v. Harrington, 154 So. 3d 1106, 1108 n.2 (Fla. 2014) (citing Rando v. Gov't Emps. Ins. Co., 39 So.3d 244, 247 (Fla. 2010)).

**ANALYSIS**

It is undisputed that section 95.281 is a statute of repose. A statute of repose "is a substantive statute which not only bars enforcement of an accrued cause of action but may also prevent the accrual of a cause of action

5

where the final element necessary for its creation occurs beyond the time period established by the statute." Am. Bankers Life Assurance Co. of Fla. v. 2275 W. Corp., 905 So. 2d 189, 191 (Fla. 3d DCA 2005) (quoting Houck Corp. v. New River, Ltd., Pasco, 900 So. 2d 601, 603 (Fla. 2d DCA 2005)). "It provides a substantive right to be free from liability after the established time period. Thus, the statute of repose does not work to provide a time limitation for filing a suit after the accrual of the cause of action, but prevents the cause of action from arising after its time limitation." Id. at 191–92 (Fla. 3d DCA 2005) (citations omitted).

The plain language of section 95.281 reflects its status as a statute of repose. Section 95.281(1) provides that "[t]he lien of a mortgage or other instrument encumbering real property . . . shall terminate after the expiration" of five years after the date of final maturity or twenty years after the date of the mortgage if the date of final maturity is not ascertainable. § 95.281(1), Fla. Stat. Here, the date of final maturity of the mortgage was ascertainable— April 10, 2012.[1]

---

[1] On appeal, RFIP argues the twenty-year limitation period applies because the date of maturity of the modified mortgage is not ascertainable. However, review of the record shows the recorded mortgage expressly states its maturity date of April 10, 2012. The mortgage's maturity date was still in effect and not altered by the modified mortgage because the modified

6

Pursuant to the statute, this time may be extended by the execution of an extension agreement. See § 95.281(2), Fla. Stat. Further, section 95.281(4) provides that "[t]he time shall be extended only as provided in this law and shall not be extended by any other agreement, nonresidence, disability, part payment, operation of law, or any other method." § 95.281(4), Fla. Stat. Thus, "the language of section 95.281 clearly cuts off the time to pursue a foreclosure action unless that time is properly extended in the manner prescribed, that is, by a recorded extension agreement executed by the mortgagee (or the mortgagee's successors in interest) and the mortgagor (or the mortgagor's successors in interest)." Zlinkoff v. Von Aldenbruck, 765 So. 2d 840, 843 (Fla. 4th DCA 2000).

It is clear from the record that RFIP and Quintana never executed an extension agreement, and the statute makes clear that time to file a claim "shall not be extended by any other agreement, nonresidence, disability, part payment, operation of law, or any other method."[2] § 95.281(4), Fla. Stat.

---

mortgage explicitly stated that the document "shall not be deemed a novation of the mortgage."

[2] We also note that section 95.051, which provides that a statute of limitations is tolled by the payment of any part of the principal or interest of any obligation or liability founded on a written instrument, explicitly excludes section 95.281. See § 95.051(1), Fla. Stat. (2018) ("The running of the time under any statute of limitations *except ss. 95.281*, 95.35, and 95.36 is tolled . . . .") (emphasis added).

RFIP, however, contends that equitable estoppel should apply to toll the time it had to pursue its foreclosure action because Quintana's post-maturity payments lulled RFIP into failing to file suit within the five-year limitation period as they caused RFIP to believe the mortgage was still in full force and effect. In order to invoke the doctrine of equitable estoppel a party must show that: "(1) the opposing party represented a material fact contrary to its later position, (2) the party asserting the doctrine relied on the opposing party's earlier representation, and (3) the party asserting the doctrine changed its position to its detriment due to the opposing party's representation and its reliance thereon." Riverwood Nursing Ctr., LLC v. Gilroy, 219 So. 3d 996, 999 (Fla. 1st DCA 2017) (citing Black Bus. Inv. Fund of Cent. Fla., Inc. v. State, Dep't of Econ. Opportunity, 178 So. 3d 931, 934 (Fla. 1st DCA 2015)).

RFIP relies on Irwin v. Grogan-Cole, 590 So. 2d 1102, 1104 (Fla. 5th DCA 1991), to support its position that a mortgagor's payments beyond the maturity date serves to toll section 95.281(1). In Irwin, however, the purchaser took ownership of the property "subject to the mortgage more than five years after its original due date." Id. at 1104. The court determined that the purchaser was therefore barred from claiming a defense based on the limitation period of section 95.281(1) because it acknowledged the existence

8

of the mortgage "even after the [limitation period of section 95.281(1)] had facially run." Id. at 1104.

Here, there was no such recognition of the validity of the mortgage past the applicable five-year limitation period. Quintana was the original obligor under the mortgage and the last payment she made on the mortgage was in August 2016. The final maturity date of the mortgage and notes was April 10, 2012. Thus, despite continuing her payments, Quintana took no action acknowledging the validity of the mortgage at any time after the five-year limitation of section 95.281(1) had facially run. Irwin is therefore inapplicable.[3]

Further, RFIP had nearly a year between Quintana's final payment and the expiration of the five-year time limit imposed by section 95.281(1) to file its claim. While Quintana sent a single letter to RFIP regarding potentially modifying the mortgage, this letter could not have reasonably caused RFIP to delay in enforcing the lien. Quintana never answered RFIP's October

---

[3] Alachua Cnty. v. Cheshire, 603 So. 2d 1334, 1337 (Fla. 1st DCA 1992) is similarly inapplicable because in Alachua, "officials of the federal government made repeated oral and written representations to [the mortgagor] that he should file his claim with [the General Services Administration], that the recipient of the property would pay the valid liens, and that his lien was "valid," according to the government fact sheet." Here, Quintana made no such representations to RFIP that the mortgage was valid and would be paid.

2016 response, leaving RFIP nearly six months ahead of lien's expiration in which to file its complaint. See Am. Bankers, 905 So. 2d at 193 (finding that correspondence between parties discussing extending maturity date could not extend life of mortgage lien because it did not comply with recordation requirements mandated by section 95.281(2)). Accordingly, as the doctrine of equitable estoppel did not apply to toll the five-year time period RFIP had to file its claim, we reverse.

Reversed and remanded.