535 So.2d 719 (1989)
USX Corporation, F/K/a United States Steel CORP., Appellant,
v.
Walter H. SCHILBE and Loyal L. Schilbe, Appellees.
No. 88-769.
District Court of Appeal of Florida, Second District.
January 6, 1989.
Dennis P. Thompson of Thompson & Foote, P.A., Clearwater, for appellant.
Matthew J. Kovschak of John F. Laurent, P.A., Bartow, for appellees.
FRANK, Judge.
The Schilbes initiated an action seeking to recover on a promissory note and to foreclose a mortgage. It is evident from the record that the claims are barred by Florida's law unless an intervening bankruptcy proceeding had an over-riding effect.
The timeliness of an action to foreclose a mortgage is controlled by section 95.11(2)(c), Florida Statutes (1987), and the duration of the lien created by such mortgage is governed by section 95.281, Florida Statutes (1987), a statute of repose. Our recent decision in Swartzman v. Harlan, 535 So.2d 605 (Fla. 2d DCA 1988), is applicable to the instant proceeding in spite of the factual difference that in Swartzman the limitations statute barred the enforceability of a promissory note. § 95.11(2)(b), Fla. Stat. (1987). Swartzman rejected the contention that the automatic bankruptcy stay provided in 11 U.S.C. § 108 (c)(1) (1978) tolled the statutory period for pursuing the claim. We find no logic capable of supporting the non-applicability of Swartzman to the matter before us. Thus, whether we view the Schilbes' proceeding to have as its objective the foreclosure of the mortgage they held or the foreclosure of their resulting lien, the result is the same. That is to say, foreclosure of the mortgage is time barred by section 95.11(2)(c) and the enforceable life of the mortgage lien ended by operation of section 95.281 prior to the commencement of their action.
We note that none of the tolling grounds contained in section 95.051 is involved in the present matter because of the express exception from that statute of section 95.281. Moreover, as was noted in Swartzman, section 95.051 does not include the pendency of a bankruptcy action as a ground tolling the limiting periods not excepted from that statute.
We reverse and vacate the trial court's final judgment and remand for the entry of an order dismissing the Schilbes' complaint.
SCHEB, A.C.J., and SCHOONOVER, J., concur.