612 So.2d 714 (1993)
Kathryn MONTE, Appellant,
v.
Arlene TIPTON, Appellee.
No. 92-00780.
District Court of Appeal of Florida, Second District.
January 27, 1993.
*715 Daniel Joy of Joy & Moran, Sarasota, for appellant.
Charles T. Canady and John V. Quinlan of Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobson, P.A., Lakeland, for appellee.
RYDER, Acting Chief Judge.
Kathryn Monte challenges an order granting final summary judgment in this mortgage foreclosure action. We agree with appellant's argument that the Deadman's Statute does not bar her testimony which raised the issue of waiver or failure of a condition. Consequently, a factual dispute exists, and we reverse.
Arlene Tipton filed a mortgage foreclosure action against Kathryn Monte on April 22, 1991 alleging nonpayment of the August 1, 1975 payment and all subsequent payments. Mrs. Monte answered, alleging that her obligation was conditional, that the foreclosure action was barred by laches, the statute of limitations, or was limited to those installments of the note due not more than five years prior to the date suit was filed.
The facts are largely undisputed. On June 30, 1975, Kathryn Monte and her husband, Frank Monte, executed and delivered a promissory note and a mortgage to Paul and Arlene Tipton. Frank Monte died on September 22, 1989. Paul Tipton, Kathryn Monte's father, died on February 26, 1991.
The promissory note was in the original amount of $20,000.00 and specified that the sum of $128.87, including principal and interest, was due and payable monthly commencing August 1, 1975 until the entire principal and interest was paid in full. The note contained an optional acceleration clause upon default. Mrs. Monte and her late husband failed to make any payments.
Mrs. Monte acknowledged that she signed the note and mortgage in 1976 in consideration of her father's advance to her of the real property in which her husband, father and she were then residing. Arlene Tipton never owned an interest in the house. The deed Mrs. Monte received was not executed by Mrs. Tipton.
Mrs. Monte and her husband moved to Florida after her mother's death to care for her father. Frank Monte gave up his Michigan job to make the move, it being the consensus that Paul Tipton should not be alone. Both before and after Mrs. Monte executed the note, her father told her on more than one occasion that if she was unable to afford to pay the note she would not be obliged to pay it. He knew of her financial circumstances. Mrs. Monte has only a small fixed income. Frank Monte had suffered debilitating injuries and was *716 unemployed for a long period of time both before and after Paul Tipton conveyed the home to them. Frank Monte was eventually declared permanently disabled.
We agree with the trial court that the statute of limitations had not run. Mrs. Monte argues that section 95.11(2)(c), Florida Statutes (1991), bars the commencement of this action more than five years after the right to foreclose accrued which occurred on August 1, 1975, at the earliest. The trial court correctly concluded, citing Locke v. State Farm Fire & Casualty Co., 509 So.2d 1375 (Fla. 1st DCA 1987), that the claim was not barred by the statute of limitations. Section 95.281, Florida Statutes (1991), is the limitation statute applicable to mortgages. Smith v. Branch, 391 So.2d 797 (Fla. 2d DCA 1980). The lien of a mortgage shall terminate twenty years after the date of the mortgage if the final maturity of an obligation secured by a mortgage is not ascertainable from the record of it. Section 95.281(1)(b). The statute of limitations on a mortgage foreclosure action does not begin to run until the last payment is due unless the mortgage contains an acceleration clause. Conner v. Coggins, 349 So.2d 780 (Fla. 1st DCA 1977). Mrs. Tipton did not exercise her right to accelerate until she demanded the total principal balance and interest by letter dated March 12, 1991, less than two months prior to filing suit. Section 7 of the mortgage agreement provides that the amounts "remaining unpaid shall become due and payable forthwith or thereafter at the option of the mortgagee... ." (emphasis added) Mrs. Tipton did not exercise the optional acceleration clause until March 12, 1991, and, therefore, the cause of action did not accrue until that date. In any event, the twenty-year lien of the mortgage had not terminated.
We find merit, however, in her argument concerning the Deadman's Statute. Mr. Tipton was the sole owner of the property at the time the mortgage was created, but he and Arlene Tipton, as husband and wife, held the mortgage as an estate by the entirety. Upon Mr. Tipton's death, the character of her property interest was not altered; she owned the property as a tenant by the entirety. Mrs. Tipton is now suing on the mortgage as a tenant by the entirety. "The survivor of a husband or wife, as to property held as an estate by the entirety, does not fall within the affected categories set out in [the Deadman's Statute] so as to exclude testimony of an interested person in regard to transactions with a deceased person." Gladstone v. Kling, 182 So.2d 471 (Fla. 1st DCA 1966). Thus, insofar as evidence concerning the mortgage, Mrs. Tipton is not the survivor within the context of section 90.602, Florida Statutes (1991), but a tenant in the entirety as to the mortgage and note. Thus, Mr. Tipton's statements to his daughter are evidence of waiver to be considered by the finder of fact. We, therefore, reverse and remand for proceedings consistent with this opinion.
Reversed and remanded.
SCHOONOVER and BLUE, JJ., concur.