684 So.2d 325 (1996)
WRH MORTGAGE, INC., et al., Appellant,
v.
Michael B. BUTLER, et al., Appellee.
No. 96-0181.
District Court of Appeal of Florida, Fifth District.
December 20, 1996.
*326 David F. Wilsey of Fisher and Wilsey, P.A., St. Petersburg, for Appellant WRH Mortgage, Inc.
Judith A. English, Alfred A. Colby, John A. Greco of Ketchey Horan, Tampa, for Appellant Castleton Capital Corporation, LLC.
Berry J. Walker, Jr. of Walker and Associates, Attorneys, P.A., Maitland, for Appellees Michael B. Butler, M. Jean Butler and Michael B. Butler, M.D., P.A.
Robert W. Anthony, John A. Taylor of Warlick, Fassett & Anthony P.A., Orlando, for Appellee Evelyn Denson.
ANTOON, Judge.
WRH Mortgage, Inc. (WRH), appeals a summary final judgment in favor of Michael and Jean Butler in this mortgage foreclosure action. The trial court ruled that section95.281, Florida Statutes (1995), extinguished WRH's right to foreclose on the Butler's mortgage five years after the debt secured by the mortgage became due. We reverse because 12 U.S.C. § 1821 (1995) preempts section 95.281 and grants WRH, an assignee of the Resolution Trust Corporation (RTC), six years within which to institute suit in a foreclosure matter.
RTC assigned a note and mortgage to WRH. The mortgage encumbered real property owned by the Butlers. The note provided that, "[n]otwithstanding anything to the contrary contained herein, the entire remaining principal balance, together with all accrued interest thereon, shall be due and payable [on] February 25, 1990". The Butlers failed to timely pay the balance. On April 6, 1995, more than five years after the debt became due, WRH sued the Butler's for foreclosure.
In defending against WRH's motion for summary judgment, the Butlers raised section 95.281 as a statute of limitations defense.[1] Simply stated, the Butler's argument was that the statute operated to terminate WRH's right to foreclose the mortgage on February 24, 1995, five years after the maturity of the debt. WRH responded by arguing that 12 U.S.C. § 1821(d)(14)(A) authorizes a six-year period within which the RTC and its assignees are entitled to institute suit on claims derived from insolvent banks and which cannot be shortened by state statute.[2]
In its articulate ruling, the trial court first acknowledged that when Congress created the RTC, it established a six-year statute of limitations during which RTC could enforce contracts. Citing Cadle Company II, Inc., v. Stamm, 633 So.2d 45 (Fla. 1st DCA 1994), the trial court properly concluded that the six-year statute of limitations applies to assignees of RTC and thus, to WRH. The trial court ruled however that WRH was barred from foreclosing on the Butlers' mortgage because the Butlers' mortgage automatically terminated on February 24, 1995, more than one month prior to the date WRH filed its complaint for foreclosure. In so ruling, the trial court reasoned that section 95.218 operated as a statute of repose, which automatically extinguished the Butlers' mortgage lien on February 24, 1995, and thus, there was no lien to enforce when WRH filed suit in April of 1995.
*327 A statute of limitations is a procedural statute which bars enforcement of an accrued cause of action. In this regard, statutes of limitation establish the time period within which a cause of action must be commenced. The limitation period is directly related to the date on which the cause of action accrued. In contrast, a statute of repose is a substantive statute which not only bars enforcement of an accrued cause of action but may also prevent the accrual of a cause of action where the final element necessary for its creation occurs beyond the time period established by the statute. The period of time established by a statute of repose commences on the date of an event specified in the statute. At the end of that time period, the cause of action ceases to exist. Importantly, a statute of repose operates without regard to when the cause of action accrued. Kush v. Lloyd, 616 So.2d 415 (Fla.1992); Universal Engineering Corp., v. Perez, 451 So.2d 463 (Fla.1984). See also University of Miami v. Bogorff, 583 So.2d 1000 (Fla.1991).
No Florida court has discussed or analyzed the specific issue of whether section 95.281 operates as a statute of repose.[3] However, in resolving the issue presented here, it is not necessary for us to categorize section 95.281 as a statute of repose or a statute of limitation because, regardless of the designation given the statute, the provisions of the statute are preempted by 12 U.S.C. § 1821 under the supremacy clause of the United States Constitution. See United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) (federal preemption applies whether the statute is one of limitation or one of repose); F.S.L.I.C. v. Landry, 701 F.Supp. 570 (E.D.La.1988)(the United States is not subject to state statutes of repose).
Under the supremacy clause, a state law can be preempted by federal law in three ways:
(1) when Congress expressly states that a federal law supersedes relevant state law;
(2) where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress left no room for supplementary state regulation; and
(3) when state law actually conflicts with federal law and compliance with both federal and state law is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.
Chatham Steel Corp. v. Brown, 858 F.Supp. 1130 (N.D.Fla.1994). All three of these factors are present in this case.
Section 1821 states in express terms that the six-year statute of limitation will apply unless a longer period is provided under state law. Furthermore, the statute was enacted as part of a plan leaving no room for state legislation imposing periods of less than six years to protect recovered assets. In this regard, the purpose of the plan is described in the legislative history to section 1821:
Although these provisions have attracted little attention from the media, they are of the utmost importance. Extending these limitations periods will significantly increase the amount of money that can be recovered by the Federal Government through litigation, and help ensure the accountability of the persons responsible for the massive losses the Government has suffered through the failures of insured *328 institutions. The provisions should be construed to maximize potential recoveries by the Federal Government by preserving to the greatest extent permissible by law claims that would otherwise have been lost due to the expiration of hitherto applicable limitations periods.

(Emphasis added). Most importantly, the provisions of section 95.218 directly conflict with the provisions set forth in 12 U.S.C. § 1821 by restricting the scope of section 1821 liability. Thus, it necessarily follows that section 95.218 has been preempted by 12 U.S.C. § 1821 because section 95.218 operates as an obstacle to the liability provision of the Financial Institution Reform Recovery and Enforcement Act, thereby hindering achievement of the act's purpose.
In closing, we note that we understand why the appellees rely on Resolution Trust Corporation v. Olson, 768 F.Supp. 283 (D.Ariz.1991). Olson held that RTC's right to collect a deficiency judgment against the Olsons was barred by a state statute of repose which provided, in pertinent part, that "if no action is maintained for a deficiency judgment within [three months of the date of the trustee's sale] ... no right to recover a deficiency in any action shall exist." Id. at 284. The district court rejected RTC's argument that it was entitled to a six-year period in which to bring the action under 12 U.S.C. § 1821, ruling simply that "substantive time limits, as opposed to procedural statute of limitations, are binding on the federal government." Id. at 285. In so ruling, the Olson court cited U.S. v. Hartford Accident & Indemnity Co., 460 F.2d 17 (9th Cir.), cert. denied, 409 U.S. 979, 93 S.Ct. 308, 34 L.Ed.2d 243 (1972). This citation is misleading however because Hartford merely held that a state statute creating a condition precedent to suit is binding on the federal government. It also held that the supremacy clause does not create a cause of action when the federal government never acquired the state created claim. Id. at 18-19. The Olson court's reliance on Hartford appears to be misplaced because in Olson there was no showing that the right sued upon was state created. The same distinction applies here because 12 U.S.C. § 1821 does not create a cause of action and the rights WRH possessed under the mortgage were not state created.
REVERSED and REMANDED.
PETERSON, C.J., and HARRIS, J., concur.
NOTES
[1] 95.281 Limitations; instruments encumbering real property.

(1) The lien of a mortgage or other instrument encumbering real property, herein called mortgage,..., shall terminate after the expiration of the following periods of time:
(a) If the final maturity of an obligation secured by a mortgage is ascertainable from the record of it, 5 years after the date of maturity.
(Emphasis added).
[2] 12 U.S.C. § 1821(d)(14)(A) provides in relevant part:

Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be ... in the case of any contract claim, the longer of ... six-year period beginning on the date the claim accrues; or ... the period applicable under State law.
[3] Unfortunately, our courts have referred to section 95.281 as being both a statute of limitations and a statute of repose. See Verde Capital Corp., v. Gutierrez, 548 So.2d 698 (Fla. 3d DCA 1989), dismissed, 558 So.2d 20 (Fla.1990) (under section 95.281, the lien of a mortgage terminates five years after the date of maturity where the final maturity of the obligation is ascertainable from the record); USX Corp., v. Schilbe, 535 So.2d 719 (Fla. 2d DCA 1989)(the timeliness of an action to foreclose a mortgage is controlled by section 95.11 and the duration of the lien created by such mortgage is governed by section 95.281, a statute of repose). Cf. Monte v. Tipton, 612 So.2d 714 (Fla. 2d DCA 1993) (section 95.281 is the limitation statute applicable to mortgages); Alachua County v. Cheshire, 603 So.2d 1334 (Fla. 1st DCA 1992) (section 95.281 is the statute of limitations for foreclosure suits); Smith v. Branch, 391 So.2d 797 (Fla. 2d DCA 1980)(section 95.281 is the limitation statute applicable to mortgages). See also Smith v. F.D.I.C., 61 F.3d 1552 (11th Cir.) reh. denied, 71 F.3d 884 (11th Cir.1995). (Florida's statute of limitations for mortgage foreclosures is five years).