DAVIS, Judge.
Carol S. Layton challenges the final summary judgment entered against her in *553 her foreclosure action against Bay Lake Limited Partnership and United Bank and Trust.[1] Since United Bank holds a mortgage that is inferior to Layton’s mortgage, United Bank was named as a party defendant in Layton’s suit. Layton argues that the trial court erred in finding that her foreclosure action was barred by a five-year statute of limitations. We agree and reverse.
Layton was the holder of an unrecorded $110,000 promissory note, executed by Bay Lake on April 4, 1989, with a specified maturity date of April 1, 1992. The note was secured by a .recorded mortgage on real property in Hillsborough County. The mortgage document, however, contained no maturity date.
When Layton filed her foreclosure action February 4, 1999, nearly ten years after the note was executed, the trial court determined that the five-year statute of limitations contained in section 95.281, Florida Statutes (1989), applied to bar Layton’s action. We disagree. Section 95.281 specifies that a lien of a mortgage terminates five years after the date of maturity of the obligation if the date of maturity is “ascertainable from the record of it.” However, that same statute provides that a lien of mortgage expires twenty years after the date of the mortgage if the maturity date is not “ascertainable from the record of it.” The order granting summary judgment specifically found that “the maturity date is ascertainable,” and, since more than five years had elapsed since that date, the foreclosure of the mortgage was time-barred by section 95.281. Although the recorded mortgage did not contain a maturity date, it specifically referenced the unrecorded note:
This mortgage and the rights in the Mortgaged Property hereby granted shall secure the Mortgagor’s obligation to pay or perform the following:
(a) A certain note in the principal amount of One Hundred Ten Thousand Dollars ($110,000) plus interest ... the terms and conditions of which are incorporated herein by reference and made a part hereof.
Bay Lake argues that since the terms of the note were incorporated by reference into the mortgage, the date of maturity was ascertainable. However, the statute specifically states that the date must not only be ascertainable, but “ascertainable from the record of it.” In other words, the maturity date must be ascertainable by one who reads the county records. See Pitts v. Pastore, 561 So.2d 297 (Fla. 2d DCA 1990). Since the note itself was not recorded, and the recorded mortgage did not provide the maturity date, the maturity date was not ascertainable of record, and the applicable statute of limitations is twenty years. See § 95.281(l)(b), Fla. Stat. (1989).
Bay Lake and United Bank further argue that the trial court erred in finding that the mortgage contained an independent promise to pay the debt. They suggest that without the independent promise to pay, the mortgage is subject to the same defenses as is the note. In support of that argument, they cite Alropa Corp. v. McNamee, 143 Fla. 785, 197 So. 514 (1940).
We need not determine whether the trial court’s reading of the mortgage provision was correct. The Alropa court was dealing with a deficiency judgment, not the enforcement of the mortgage lien. Id. *554 Accordingly, even if the trial court erred in its finding, the Atropa decision would only bar Layton’s seeking of a deficiency judgment, relief she is not seeking in either count of the complaint that is before this court on appeal. Accordingly, the final judgment as to counts I and III of the complaint is reversed and the matter is remanded to the trial court for further proceedings.
Reversed and remanded.
ALTENBERND and STRINGER, JJ., Concur.

. Layton’s complaint consisted of three counts: Count I was a mortgage foreclosure action; Count II was an action on the promissory note; and Count III was an action to reestablish a lost note and mortgage. Layton concedes that Count II is barred by the statute of limitations.