900 So.2d 601 (2005)
HOUCK CORPORATION, Appellant,
v.
NEW RIVER, LTD., PASCO, Appellee.
No. 2D04-1672.
District Court of Appeal of Florida, Second District.
February 9, 2005.
Rehearing Denied May 9, 2005.
*602 Robert E. Biasotti and Annette M. Lang of Carlton Fields, P.A., St. Petersburg, for Appellant.
Elizabeth G. Rice of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., for Appellee.
STRINGER, Judge.
Houck Corporation seeks review of the final summary judgment in favor of defendant New River, Ltd., Pasco, in Houck's action to foreclose a mortgage. Houck argues that the trial court erred in determining that its foreclosure action was barred by a five-year statute of limitations pursuant to section 95.11(2)(c), Florida Statutes (2002). Houck asserts that the applicable statute of limitations is twenty years as set forth in section 95.281(1)(b), Florida Statutes (2002). We conclude that section 95.281 is a statute of repose that prescribes the enforceable life of a mortgage lien, but does not operate to preclude an action to foreclose the mortgage. Therefore, the trial court did not err in applying the five-year statute of limitations set forth in section 95.11(2)(c) for mortgage foreclosure actions.
In 1984, New River purchased an interest in a 16.5-acre parcel of real property located in Pasco County. In consideration for the purchase of this parcel, New River gave the seller two nonrecourse[1] promissory notes. Under the terms of the notes, New River was required to pay in full any remaining principal balance that was outstanding on October 30, 1991.
New River secured the payment of the notes by executing a mortgage on the property. That mortgage was recorded on November 1, 1984. The recorded mortgage did not itself contain a specific maturity date. The recorded mortgage did, however, refer to the unrecorded notes and set forth an independent obligation to pay this underlying debt. The mortgage securing the payment of the two nonrecourse mortgage notes was assigned to Houck in January 2003, and the underlying notes were endorsed to Houck. The assignment of the mortgage to Houck was recorded in the public records.
On May 6, 2003, Houck filed an action to foreclose on the mortgage. Houck alleged that New River defaulted on the mortgage and the notes by failing to pay the principal balance when it became due on October 30, 1991. New River answered Houck's complaint, freely admitting that it failed to make the required principal payments due under the notes and mortgage on October 30, 1991. New River asserted as an affirmative defense that Houck's action was barred by the five-year statute of limitations in section 95.11(2)(c).
Both parties filed motions for summary judgment. New River contended that it was entitled to summary judgment based on the five-year statute of limitations in section 95.11(2)(c), and Houck contended that the applicable statute of limitations was twenty years, based on section 95.281(1)(b). The trial court entered summary judgment in favor of New River and dismissed Houck's complaint.
Section 95.11(2)(c), entitled "Limitations other than for the recovery of real property," provides that actions to foreclose a mortgage must be commenced within five years. Section 95.281(1)(b), entitled "Limitations; instruments encumbering real property," provides that a mortgage lien terminates after the expiration of twenty years from the mortgage date if the maturation of the note secured by the mortgage *603 is not ascertainable from the record. If the maturation of the note is ascertainable from the record, the mortgage lien terminates five years from the date of maturity. § 95.281(1)(a).
Many courts have referred to both sections as "statutes of limitation." However, the statutes conflict under this interpretation because section 95.281(1)(b) would extend the amount of time to bring a foreclosure action from the five years articulated without exception in section 95.11(2)(c) to twenty years if the maturation of the note secured by the mortgage is not ascertainable from the record. The trial court determined that the sections do not conflict because section 95.281 is a statute of repose that prescribes the enforceable life of a mortgage lien but does not direct the limitation period for filing a foreclosure action. We agree.
A "statute of limitations" is a procedural statute that prevents the enforcement of a cause of action that has accrued. See WRH Mortgage, Inc. v. Butler, 684 So.2d 325, 327 (Fla. 5th DCA 1996). It does not determine the underlying merits of the claim but merely cuts off the right to file suit on that claim. Allie v. Ionata, 503 So.2d 1237, 1240-41 (Fla.1987). A "statute of repose," in contrast, "is a substantive statute which not only bars enforcement of an accrued cause of action but may also prevent the accrual of a cause of action where the final element necessary for its creation occurs beyond the time period established by the statute." WRH Mortgage, 684 So.2d at 327. It provides a substantive right to be free from liability after the established time period. Parham v. Balis, 704 So.2d 623, 626 (Fla. 2d DCA 1997), approved, Musculoskeletal Inst., Chartered v. Parham, 745 So.2d 946 (Fla.1999). Thus, the statute of repose does not work to provide a time limitation for filing a suit after the accrual of the cause of action, but prevents the cause of action from arising after its time limitation. Nehme v. Smithkline Beecham Clinical Labs., Inc., 863 So.2d 201, 208 (Fla.2003). The purpose of a statute of repose is to set a definitive time limitation on a valid cause of action even if there are circumstances that would make it difficult to discover. Id.
The limitations period provided in section 95.11(2)(c) does not affect the life of the lien or extinguish the debt; it merely precludes an action to collect the debt after five years. Section 95.281(1)(b), conversely, establishes an ultimate date when the lien of the mortgage terminates and is no longer enforceable. Section 95.051, Florida Statutes (2002), sets forth the times when the limitations period under section 95.11 is tolled, but expressly excludes section 95.281. Thus it is clear that section 95.11(2)(c) operates as a statute of limitation while section 95.281(1)(b) operates as a statute of repose. While the duration of a lien is determined by section 95.281(1)(b), section 95.281(1)(b) does not constitute a bar to the filing of an action to foreclose the mortgage unless it causes the lien to terminate before the statute of limitations under section 95.11(2)(c) has expired.
Our determination of this issue is supported by the legislative history of sections 95.11 and 95.281. Prior to 1974, the statute of limitations for mortgage foreclosure actions was governed by section 95.28, Florida Statutes. See § 95.28, Fla. Stat. (1973). Section 95.28(1) provided, in relevant part, that
The lien of a mortgage or other instrument encumbering real estate (hereinafter referred to as mortgage), . . . shall terminate and no action or proceeding of any kind shall begin to enforce or foreclose the mortgage after the expiration of the following periods, unless an *604 extension of any such period shall have been effected in the manner provided in § 95.29:
(a) If the final maturity of an obligation secured by a mortgage is ascertainable from the record of the mortgage, the period of limitation shall be twenty years after the date of such maturity.
(b) If the final maturity of an obligation secured by a mortgage is not ascertainable from the record of the mortgage, the period of limitation shall be twenty years from the date of the mortgage.
(c) In all such obligations, including taxes paid by the mortgagee, the period of limitation shall be twenty years; provided, however that a mortgagee shall have no right of subrogation to the lien of the state, for taxes paid by said mortgagee to protect the security of his mortgage unless said mortgagee obtains an assignment from the state of the tax sales certificate, and, provided, further that the mere redeeming of the tax certificate shall be insufficient for such subrogation purposes.
(Emphasis supplied.) In 1974, section 95.28 was amended and replaced by section 95.281. At that time, the legislature eliminated the language in section 95.28(1) providing that "no action or proceeding of any kind shall begin to enforce or foreclose the mortgage," and amended section 95.11 to provide a five-year statute of limitations for "[a]n action to foreclose a mortgage." Ch. 74-382, §§ 7, 18, at 1209-10, 1215, Laws of Fla. These amendments demonstrate the legislature's clear intent to establish both a statute of limitations governing actions to foreclose a mortgage and a statute of repose governing the enforceable life of the mortgage lien.
Our determination on this issue is also supported by our earlier decision in USX Corp. v. Schilbe, 535 So.2d 719 (Fla. 2d DCA 1989). There, the court held that "[t]he timeliness of an action to foreclose a mortgage is controlled by section 95.11(2)(c), Florida Statutes (1987), and the duration of the lien created by such mortgage is governed by section 95.281, Florida Statutes (1987), a statute of repose." Schilbe, 535 So.2d at 719. The question before the court in Schilbe was whether a bankruptcy stay tolled the statutory period for an action to recover on a promissory note and to foreclose a mortgage. The court answered the question in the negative and determined that the mortgage foreclosure action was time-barred by section 95.11(2)(c) and that the life of the lien had also expired under section 95.281. Id.
Houck argues that the trial court was bound by this court's decision in Layton v. Bay Lake Ltd. Partnership, 818 So.2d 552 (Fla. 2d DCA 2002). The facts in Layton are analogous to the facts in this case. Layton held an unrecorded promissory note with a specified maturity date that was secured by a recorded mortgage. Id. at 553. Layton filed a foreclosure action more than five years from the date of maturity but less than twenty years from the date of the mortgage. The trial court entered summary judgment against Layton based on its conclusion that the suit was barred by "the five-year statute of limitations" in section 95.281(1)(a). The issue on appeal was whether the date of maturity of the note was ascertainable from the record of it, and whether subsection (1)(a) or (1)(b) of section 95.281 therefore applied. This court held that the date of maturity was not ascertainable from the record and that "the applicable statute of limitations is twenty years" under subsection (1)(b). This court reversed the summary judgment on the foreclosure action. Id.
*605 This court's reference in Layton to section 95.281 as a "statute of limitations" is unfortunate because, as we have already explained, section 95.281 is not a true statute of limitations, but a statute of repose. Regardless, this court did not address the issue of whether the statute of limitations in section 95.11(2)(c) barred the foreclosure action. The only issue decided by the Layton court was that section 95.281(1)(a) did not bar a foreclosure action on the mortgage. This decision is not based on a determination that the statute of limitations for filing a mortgage foreclosure action under section 95.11(2)(c) had not expired, but on a determination that the mortgage lien had not terminated because it was governed by the twenty-year period in section 95.281(1)(b). We cannot speculate as to why the defendant in Layton failed to raise as an affirmative defense the expiration of the statute of limitations under section 95.11(2)(c), but that issue was not considered on appeal.
Houck also relies on Monte v. Tipton, 612 So.2d 714, 716 (Fla. 2d DCA 1993); Pitts v. Pastore, 561 So.2d 297, 299 (Fla. 2d DCA 1990); and Smith v. Branch, 391 So.2d 797, 798 (Fla. 2d DCA 1980), in which this court determined that the twenty-year "statute of limitations" under section 95.281 precluded dismissal of the foreclosure actions. Again, to the extent that it has caused confusion in the interpretation of the relation between sections 95.11(2)(c) and 95.281, the reference to section 95.281 as a "statute of limitations" is unfortunate. However, in those cases, the causes of action had not yet begun to accrue; therefore, the five-year statute of limitations under section 95.11(2)(c) had not expired. In fact, in Smith, this court set forth an analysis consistent with that articulated by the trial court in this case. There, the court read sections 95.281 and 95.11 together to conclude that neither provision barred the foreclosure action because "[t]he twenty-year lien of the mortgage has not yet terminated, and appellants' cause of action did not accrue until the filing of the complaint herein." Smith, 391 So.2d at 798. This court relied on Smith in Pitts and Monte.
In this case, the mortgage was recorded on November 1, 1984. It secured nonrecourse promissory notes that had a maturity date of October 30, 1991, but that date was not ascertainable from the recorded mortgage, and the notes were not recorded. New River failed to make any payments and defaulted in 1991. The mortgage was assigned to Houck in January 2003; shortly thereafter, Houck filed its foreclosure action. Pursuant to section 95.11(2)(c), the statute of limitations to file the foreclosure action expired on October 30, 1996; however, under section 95.281(1)(b), the mortgage lien was enforceable until November 1, 2004. Thus, when the mortgage was assigned to Houck in 2003, Houck had no legal recourse to collect the debt secured by the mortgage; its only recourse would have been to enforce the lien in the event New River attempted to sell the property before November 1, 2004.
In summary, we conclude that the trial court did not err in determining that Houck's foreclosure action was barred by the five-year statute of limitations set forth in section 95.11(2)(c). At the time Houck filed suit, the five-year statute of limitations under section 95.11(2)(c) had expired, but the twenty-year statute of repose under section 95.281(1)(b) had not.[2] Thus, we affirm the trial court's order granting *606 summary judgment in the foreclosure action.
Affirmed.
CASANUEVA and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] The notes expressly provided that New River would not be personally liable. In the event of default, the holder of the notes was to look solely to the mortgaged property.
[2] We note that the mortgage lien expired on November 1, 2004, while this appeal was pending.