Daisy **RODRIGUEZ**, Plaintiff,

v.

**BANK OF AMERICA, N.A. s/b/m BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP**, Defendant.

Case No. 13–Civ–23980.

United States District Court, S.D. Florida.

Signed Sept. 30, 2014.

Jonathan Scott Minick, Mansfield Bronstein, PA, Hollywood, FL, Michael L. Cotzen, Michael L. Cotzen, PA, Miami, FL, for Plaintiff.

Heidi Jo Weinzetl, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Fort Lauderdale, FL, for Defendant.

## *ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

MARCIA G. COOKE, District Judge.

Plaintiff Dairy Rodriguez ("Rodriguez") brings this three-count Amended Complaint against Defendant Bank of America, N.A. ("BANA") s/b/m BAC Home Loans Servicing, LP ("BAC") f/k/a Countrywide Home Loans Servicing, LP ("Countrywide") (collectively "BANA") to quiet title to the real property located at 15349 SW 43rd Terrace, Miami, Florida 33185 ("Count I"); for a declaration that the Mortgage is unenforceable because the

statute of limitations has expired ("Count II"); and for a declaration that the Promissory Note ("Note") is unenforceable because the statute of limitations has expired ("Count III"). Essentially, Plaintiff claims that the Note and Mortgage are invalid and unenforceable based on the expiration of the five-year statute of limitations for mortgage foreclosure under Florida Statute § 95.11(2)(c), and the five-year statute of repose under Florida Statute § 95.281(1)(a); and that the allegedly invalid mortgage lien represents a cloud on her title to the property.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.*

It is important to note that while the factual allegations set forth in the Complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the Complaint. *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1260 (11th Cir.2009) (citing *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. The court does not need to "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

### II. BACKGROUND

Defendant Bank of America, N.A. ("BANA") s/b/m BAC Home Loans Servicing, LP ("BAC") f/k/a Countrywide Home Loans Servicing, LP ("Countrywide") (collectively "BANA") is the holder of the Mortgage ("Mortgage") and Promissory Note ("Note") executed by Plaintiff on the real property located at 15349 SW 43rd Terrace, Miami, Florida 33185 ("Subject Property"). Am. Compl. ¶ 3. Pursuant to the terms of the Note, Plaintiff was to make monthly installment payments until satisfaction of the Note's debt or stated final date of maturity, October 1, 2036, whichever is earlier. *Id.* ¶ 30.

On April 25, 2008, Countrywide brought a mortgage foreclosure action against Rodriguez for an alleged default of the December 2007 mortgage payment. *Id.* ¶ 16. As a result of Rodriguez's default, Countrywide accelerated the remainder of the debt such that all payments became due. *Id.* ¶ 17. However, Countrywide's case was dismissed for a lack of prosecution on September 21, 2009, and, at some point thereafter, BAC purchased Countrywide and acquired Countrywide's ownership interest in the Mortgage and Note executed by Rodriguez. *Id.* ¶¶ 18–19.

On September 20, 2010, BAC brought a second mortgage foreclosure action against Rodriguez for the same alleged default of the December 2007 mortgage payment. *Id.* ¶ 20. And, again, BAC accelerated the remainder of the debt such that all payments became due. *Id.* ¶ 21. At some

thereafter, BANA purchased BAC and acquired BAC's ownership interest in the Mortgage and Note. BANA's case was similarly dismissed for lack of prosecution on October 11, 2012. *Id.* ¶ 22. Plaintiff, then, brought suit seeking a declaration that: 1) the limitations period for BANA to bring a foreclosure action against her expired on April 25, 2013, at the latest; 2) that BANA's mortgage lien terminated five years after the Countrywide initially accelerated the loan's maturity date, which was April 25, 2013, at the latest; and 3) that Plaintiff's title to the Subject Property is clear of all liens and encumbrances. *Id.* ¶¶ 24–25, 31–32.

## III. DISCUSSION

### A. Bank of America, N.A.'s Right to Foreclosure on the Mortgage and Note is Not Time Barred Because Each Missed Payment Creates a Separate Cause of Action.

█ In Florida, the statute of limitation to bring an action to foreclose real property is five years. Fla. Stat. § 95.11(2)(c). However, "[t]he Fourth District [of Florida] has consistently taken the position that *res judicata* does not prevent mortgagees from foreclosing on a mortgage in successive cases when the alleged dates of default are different." *See e.g., Singleton v. Greymar Assocs.*, 840 So.2d 356 (Fla.Dist. Ct.App.2003). Plaintiff alleges that BANA is time-barred from enforcing the Mortgage and Note because BANA initiated two previous foreclosure actions, both of which were dismissed.

In *Singleton v. Greymar Assocs.*, 882 So.2d 1004, 1005 (Fla.2004), mortgagee Greymar Associates brought two foreclosure actions against the mortgagor. The first action emanated from an alleged default on payments by the mortgagor from September 1, 1999 to February 1, 2000. *Id.* After the circuit court dismissed Mort-

gagee Greymar's action with prejudice, Greymar brought a subsequent action based on an alleged default of payments from April 1, 2000, and onward. *Id.* The mortgagor presented the argument that the prior dismissal of the first action barred relief in the second action. *Id.* The Court rejected that argument, because "a subsequent and separate alleged default created a *new* and *independent* right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action." *Id.* at 1008 (emphasis added). Thus agreeing with the Fourth District that *res judicata* does not necessarily bar "a second and separate action for foreclosure" where the foreclosure is sought for a different default than the one that was alleged in the first action. *Singleton v. Greymar Assocs.*, 882 So.2d 1004, 1006–07 (Fla.2004).

"While any claims relating to individual payment defaults that are now more than five years old may be subject to the statute of limitations, each payment default that is less than five years old" creates "a basis for a subsequent foreclosure and/or acceleration action." *Kaan v. Wells Fargo Bank*, 981 F.Supp.2d 1271, 1274 (S.D.Fla. 2013) (J. Ryskamp). Therefore, BANA has an independent and separate claim for any default that has occurred within the last five years.

### B. The Mortgage Lien is Still Valid Because it Does Not Terminate Until Five Years After the Stated Final Date of Maturity, October 1, 2036.

█ Plaintiff further alleges that the Mortgage and Note are unenforceable because the BANA has failed to bring an action within the five years prescribed by Florida Statute § 95.11. However, Florida law is grounded on a completely contrary premise. It has been well settled that

"the statute of limitations on a mortgage foreclosure action does not begin to run until the last payment is due unless the mortgage contains an acceleration clause." *See Locke v. State Farm Fire & Cas. Co.,* 509 So.2d 1375, 1377 (Fla.Dist.Ct.App. 1987); *see also Smith v. F.D.I.C.,* 61 F.3d 1552, 1561 (11th Cir.1995).

In the case of acceleration, "the foreclosure action accrues, and the statute of limitations begins to run...." *Smith,* 61 F.3d at 1561 (alteration in original). However, a mere default does not make the entire debt due. It will only become due when the mortgagee exercises an "affirmative action to alert the debtor that he has exercised his option to accelerate." *Greene v. Bursey,* 733 So.2d 1111, 1114–15 (1999).

Nevertheless, the statute of limitations does not start to run when: "(1) the note is secured by a mortgage on a subject property; (2) the party who has exercised its right to accelerate brings a cause of action to enforce the note or foreclose on the mortgage; and (3) that cause of action *is dismissed for any reason.*" *Romero v. SunTrust Mortgage, Inc.,* 15 F.Supp.3d 1279, 1283, 2014 WL 1623703 at *3 (S.D.Fla.2014) (emphasis added). Further, "voluntary dismissal of a foreclosure action means the payment owed on a note and mortgage is not accelerated." *Id.* Accordingly, Plaintiff's assertion in this case that the dismissal of the foreclosure action did not have an effect on the acceleration of the loan is unsupported by Florida law. Rather, the action's dismissal signifies that acceleration became decelerated. In this case, BANA did affirmatively accelerate payment, however, the court's dismissal of that foreclosure action repositioned the parties to their initial contractual obligations.

Consequently, the BANA's lien continues to exist until barred by the statute of repose contained in Florida Statutes § 95.281(1)(a). The five-year limitations period provided in § 95.11(2)(b)–(c) "does not affect the life of the lien or extinguish the debt; it merely precludes an action to collect the debt after five years." *Houck Corp. v. New River, Ltd.,* 900 So.2d 601, 603 (Fla.Dist.Ct.App.2005). As held in *Houck,* a statute of limitations is a procedural statute that eliminates a party's right to bring a cause of action and "prevents the enforcement of a cause of action that has accrued." *Houck,* 900 So.2d at 603 (internal quotations omitted). Whereas a statute of repose is a substantive statute that not only prevents the enforcement of an accrued cause of action, "but may also prevent the accrual of a cause of action where the final element necessary for its creation occurs beyond the time period established by the statute." *Id.*

In *Houck* the court found that at the time the suit was filed, the statute of limitations under § 95.11(2)(c) had expired. Assuming *arguendo,* that the statute of limitations here has also tolled, BANA could still enforce the lien in the event that the mortgagee sells the property before the statute of repose passes. *See Houck,* 900 So.2d at 605. Similarly in this case, § 95.281 is the applicable statute for the lien, and its statute of repose expires five years after the final maturity date contained in the recorded mortgage—October 1, 2036. *See* Am. Compl., Ex. 2. Accordingly, the lien continues to exist until October 1, 2041, when the statute of repose will bar its enforcement.

### C. Plaintiff Rodriguez's Quiet Title Claim Fails Because the Mortgage Lien is Still Valid and Enforceable.

A plaintiff that seeks to quiet title to his or her property must show "the

validity of his or her title and the invalidity of the title of the opposing party." *Rhodes v. JPMorgan Chase Bank, N.A.,* No. 12–Civ–80368, 2012 WL 5411062, at *3 (S.D.Fla. Nov. 6, 2012) (J. Marra). To state a valid claim for quiet title under Florida law, Plaintiff must allege: (1) the Plaintiff has title to the Subject Property; (2) there is a cloud on that title; and (3) the cloud is invalid. *Sliptchuik v. ING Bank,* No. 13–Civ–460–28GJK, 2013 WL 4596951, at *2 (M.D.Fla. Aug. 28, 2013) (citing *Stark v. Frayer,* 67 So.2d 237, 239 (Fla.1953)).

Here, there is no dispute concerning Plaintiff's title to the Subject Property, or that the mortgage lien constitutes a cloud on Plaintiff's title. The central issue to this claim is whether the mortgage lien constitutes a *valid* cloud on Plaintiff's title. The case law is clear that it does. As Plaintiff's basis for terminating the lien, she relies on Florida Statute § 95.281(1)(a), which reads:

> The lien of a mortgage or other instrument encumbering real property, herein called a mortgage, except those specified in subsection (5), shall terminate after the expiration of the following periods of time: (a) If the final maturity of an obligation secured by a mortgage is ascertainable from the record of it, five (5) years after the date of maturity.

However, Plaintiff's reliance is misplaced because the plain language of the statute does not support her contention. The statute dictates that the lien of a mortgage terminates five years after the date of maturity "if the final maturity of an obligation secured by a mortgage is ascertainable from the record of it." Florida courts have interpreted this language to mean, "The maturity date must be ascertainable by one who reads the county records." *Amador v. Bank of New York, Inc.,* No. 13–Civ–23252, 2013 WL 6157932, at *3 (S.D.Fla. Nov. 8, 2013) (J. Graham) (quoting *Layton v. Bay Lake Ltd. Partnership,* 818 So.2d 552, 553 (Fla.2d Dist.Ct.App. 2002)).

In the instant case, Plaintiff's recorded mortgage has a stated maturity date of October 1, 2036. Therefore, Florida Statute § 95.281(1)(a) is not triggered until five years later on October 1, 2041. And it is on that date that the lien on Plaintiff's property is extinguished. Since the mortgage on Plaintiff's title constitutes a valid lien that does not terminate until October 1, 2041, Plaintiff's claim to quiet title fails.

## IV.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** Defendant Bank of America, N.A. s/b/m BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP's Motion to Dismiss, ECF No. 12, is **GRANTED.** Plaintiff's Amended Complaint, ECF No. 8, is **DISMISSED** *with prejudice.* All pending motions, if any, are **DENIED** *as moot.* Judgment is **ENTERED** in favor of Defendant Bank of America, N.A. s/b/m BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. The Clerk shall **CLOSE** this case.